UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| GLENNTORENELL ODOM,<br><br>Plaintiff,<br><br>v.<br><br>TT OF C. LOUISVILLE, INC., *d/b/a* LOUISVILLE CHRYSLER DODGE JEEP RAM, et al.<br><br>Defendants. | ) | Civil Action No. 3:26-CV-263-CHB<br><br>**MEMORANDUM OPINION AND ORDER** |

*** *** *** ***

This matter is before the Court on Plaintiff Glenntorenell Odom's Motion to Remand, [R. 6], Plaintiff's Motion to Compel Discovery and Demand for Sanctions, [R. 19], Defendant Santander Consumer USA Inc., *d/b/a* Chrysler Capital's ("Santander's") Motion to Dismiss, [R. 20], Santander's Motion to Stay Discovery, [R. 21], Plaintiff's Motion for Leave to File a Surreply to Santander's Motion to Dismiss, [R. 32], and the Court's Order to Show Cause, [R. 35]. The motions and order are ripe for review. For the reasons set forth below, the Court will grant Santander's Motion to Dismiss in part, dismiss the claims over which the Court has original jurisdiction as to all Defendants, deny each of Plaintiff's Motions and Santander's Motion to Stay Discovery, and remand this matter to the Jefferson Circuit Court.

## I. BACKGROUND

Plaintiff filed a forty-four count complaint in the Jefferson Circuit Court on March 12, 2026. [R. 1-2, pp. 3, 13–29]; [R. 1-3, p. 2]. Defendant TT of C. Louisville, Inc., *d/b/a* Louisville Chrysler Dodge Jeep Ram ("TTOCL"), with the consent of Santander and Defendant Adrian

Miron, removed the action to this Court on April 13, 2026, invoking the Court's federal-question and supplemental jurisdiction. [R. 1, p. 3]; *see* 28 U.S.C. §§ 1331, 1367, 1441, 1446.

Plaintiff's claims each relate to the sale and financing of a Dodge Challenger that he purchased from TTOCL on May 3, 2023. *See* [R. 1-2, pp. 3–29]. As relevant here, Plaintiff alleges that TTOCL and Miron engaged in "power booking" and odometer fraud by misrepresenting certain information—including the model, features, and mileage of the vehicle—on the sales contract and on financial documents submitted to Santander. *Id.* at 5–10. Plaintiff further alleges that he discovered the fraud in January 2024, that he contacted TTOCL to exercise his "right to rescind" the sales contract, and that TTOCL refused to rescind the contract. *Id.* at 3–4, 7–8, 11.

Four of the forty-four counts in Plaintiff's complaint reference federal law. *See id.* at 13–29. Count 10 cites the federal Odometer Act, 49 U.S.C. §§ 32705, 32710, and alleges that there were unlawful discrepancies between the mileage listed on the vehicle's bill of sale (fifteen miles), the credit application Plaintiff submitted to finance the purchase (twenty-five miles), and the vehicle's odometer when Plaintiff took possession (forty-four miles). [R. 1-2, p. 15]; *see id.* at 38 (Credit Application); *id.* at 40 (Bill of Sale). Count 20 is a claim under the federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1631, 1640, alleging that "Defendants provided inaccurate disclosures regarding the truth of cost of credit and the value of the collateral." [R. 1-2, pp. 17–18]. Count 36 asserts that under the "FTC Holder Rule," 16 C.F.R. § 433.2, "Defendant Santander is legally liable for all claims the Plaintiff has against [TTOCL]." [R. 1-2, p. 21]. Count 37 is a claim under TILA's "right-of-rescission" provision, 15 U.S.C. § 1635, alleging that Defendants unlawfully refused Plaintiff's request to rescind the sales contract. [R. 1-2, p. 22]. The other forty counts in Plaintiff's complaint reference only Kentucky state law. *See id.* at 13–29.

After TTOCL removed the action to this Court, Plaintiff filed his Motion to Remand on April 15, 2026. [R. 6]. TTOCL responded to that motion, [R. 12], and Plaintiff replied, [R. 18].

On May 18, 2026, Plaintiff filed his Motion to Compel Discovery and Demand for Sanctions, asserting that Defendants had refused to cooperate in the planning of a discovery conference pursuant to Federal Rule of Civil Procedure 26(f). [R. 19]. Santander and TTOCL responded to that motion, [R. 22]; [R. 27], and Plaintiff replied. [R. 24].

On May 28, 2026, Santander filed its Motion to Dismiss, [R. 20], and its Motion to Stay Discovery pending the Court's resolution of Plaintiff's Motion to Remand and Santander's Motion to Dismiss, [R. 21]. Plaintiff responded to those motions, [R. 25]; [R. 26], and Santander replied, [R. 30]; [R. 31].

On June 9, 2026, Plaintiff filed his Motion for Leave to File a Surreply to Santander's Motion to Dismiss, along with a copy of his proposed surreply. [R. 32]. Santander responded to that motion. [R. 33]. Plaintiff did not reply to Santander's response, and the time to do has passed.

On September 24, 2026, the Court entered an order directing Plaintiff to show cause why his claim under the federal Odometer Act should not be dismissed as barred by the Act's statute of limitations. [R. 35]. The Court ordered Plaintiff to respond on or before October 5, 2026, and warned Plaintiff that "[a] failure to respond will be considered a lack of objection to the dismissal of that claim." *Id.* at 3. Plaintiff did not respond to the Court's order, and the time to do has passed.

Accordingly, the motions and order described above are now ripe for review.

## II. DISCUSSION

The Court's discussion proceeds as follows. The Court will first deny Plaintiff's Motion for Leave to File a Surreply, [R. 32]. It will next address part of Santander's Motion to Dismiss, [R. 20], and dismiss Counts 20 and 37 and Count 36, to the extent that it asserts an independent

cause of action, as to all Defendants. The Court will then address its Order to Show Cause, [R. 35], and dismiss Plaintiff's federal Odometer Act claim as to all Defendants. Having dismissed all of the claims over which it has original jurisdiction, the Court will then decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims and remand the matter to the Jefferson Circuit Court. Finally, the Court will deny Plaintiff's Motion to Remand, [R. 6], Plaintiff's Motion to Compel Discovery and Demand for Sanctions, [R. 19], and Santander's Motion to Stay Discovery, [R. 21].

**A. Plaintiff's Motion for Leave to File a Surreply, [R. 32]**

The Court first addresses Plaintiff's Motion for Leave to File a Surreply to Santander's Motion to Dismiss. [R. 32].

"Whether to permit a party to file a sur-reply is a matter left to the trial court's discretion." *Aggregate Processing, Inc. v. Ind. Shingle Recycling, LLC*, No. 23-CV-35, 2024 WL 4846222, at *3 (W.D. Ky. Nov. 20, 2024) (quoting *Cochran v. Jefferson Cnty. Pub. Sch. Bd. of Ed.*, No. 15-CV-751, 2016 WL 3460443, at *2 (W.D. Ky. June 21, 2016)). Although "[n]either the Federal Rules of Civil Procedure nor the Court's local rules permit the filing of sur-replies," *Luster v. Luster*, No. 20-CV-00211, 2021 WL 3711197, at *3 (W.D. Ky. Aug. 20, 2021), surreplies "may be allowed in the appropriate circumstances, especially 'when new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated,'" *Key v. Shelby County*, 551 F. App'x 262, 265 (6th Cir. 2014) (alteration omitted) (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)). However, "[s]urreplies are 'highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'" *Walden v. Gen. Elec. Int'l, Inc.*, 119 F.4th 1049, 1056 (6th Cir. 2024)

(quoting *Cousins Smokehouse, LLC v. Louisville Processing & Cold Storage, Inc.*, 588 F. Supp. 3d 753, 763 (W.D. Ky. 2022)).

Here, Plaintiff argues that a surreply is necessary to address Santander's claim that Plaintiff waived various arguments by not raising them in his response and to correct Santander's "mischaracterizations" of Plaintiff's arguments. [R. 32, pp. 1–2]. However, Plaintiff's proposed surreply neither responds to Santander's waiver arguments nor addresses any other argument raised for the first time in Santander's reply. *See id.* at 1–3. To the contrary, the five arguments raised in Plaintiff's proposed surreply either (1) could have been, but were not, raised in Plaintiff's response[1] or (2) simply reiterate arguments that were made in Plaintiff's initial response, without addressing anything new in Santander's reply.[2] *See id.* In other words, Plaintiff's proposed surreply attempts to do no more than (1) revive arguments that Plaintiff waived by failing to raise them in his response and (2) get the "last word" on arguments that Plaintiff did raise in his response. Neither of those reflects an adequate reason to permit Plaintiff to file his proposed surreply.[3]

[1] Specifically, the arguments under headings 1, 2, and 4. *Compare* [R. 32-1, pp. 1–2 ("group-pleading" argument in proposed surreply)], *with* [R. 20, pp. 4–5 (same in Motion to Dismiss)]; *compare* [R. 32, p. 2 (argument in proposed surreply regarding whether Plaintiff's possession of the vehicle bars recovery under the FTC Holder Rule)], *with* [R. 20, pp. 5–6 (same in Motion to Dismiss)]; *compare* [R. 32, p. 3 (TILA statute-of-limitations argument in proposed surreply)], *with* [R. 20, p. 7 (same in Motion to Dismiss)].

[2] Specifically, the arguments under headings 3 and 5. *Compare* [R. 32-1, p. 2 (economic-loss-rule argument in proposed surreply)], *with* [R. 20, pp. 15–16 (same in Motion to Dismiss)], [R. 26, pp. 2–3 (same in Plaintiff's response)], *and* [R. 30, pp. 4–5 (same in Santander's reply)]; *compare* [R. 32-1, p. 3 (punitive-damages argument in proposed surreply)], *with* [R. 20, p. 15 (same in Motion to Dismiss)], [R. 26, p. 5 (same in Plaintiff's response)], *and* [R. 30, p. 7 (same in Santander's reply)].

[3] Plaintiff also asserts that, as a pro se litigant, he is "held to less stringent pleading standards" than those imposed on parties represented by counsel. [R. 32, p. 1 (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972))]. Although Plaintiff is correct that "[p]ro se litigants' pleadings are to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys[,] . . . pro se litigants still must comply with the procedural rules governing civil cases." *O'Neill v. Adams Cnty. Jail*, No. 23-CV-200, 2024 WL 3754879, at *4 (S.D. Ohio Aug. 12, 2024); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). In particular, "[p]ro se litigants are subject to the same waiver rule as represented parties." *Fletcher v. Comm'r of Soc. Sec.*, No. 19-CV-1038, 2020 WL 7692739, at *6 (S.D. Ohio Dec. 28, 2020) (citing *Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007)), *report and recommendation adopted*, No. 19-CV-1038, 2021 WL 1140203 (S.D. Ohio Mar. 25, 2021). Thus, Plaintiff's status as a pro se litigant gives the Court no reason to admit Plaintiff's improper surreply.

*See, e.g.*, *Putnam v. Blue Sprig Pediatrics, Inc.*, No. 24-CV-1657, 2026 WL 602791, at *23 (N.D. Tex. Mar. 4, 2026) ("Having waived [an] argument by not addressing it in his . . . response, Plaintiff cannot now revive it by arguing in a surreply what he could have and should have argued in his . . . response."); *Johnson v. Slone*, No. 16-CV-274, 2018 WL 1402376, at *1 n.1 (E.D. Ky. Mar. 20, 2018) ("Defendants did not raise any new arguments in their reply, and [Plaintiff's] sur-reply simply reasserts the arguments he made in his initial response. Thus, the filing of a sur-reply was neither necessary nor appropriate.").

Because Santander's reply did not raise any new arguments—other than to identify arguments that Plaintiff failed to address in his response—and because each of the arguments in Plaintiff's proposed surreply was, or could have been, raised in his response, the Court will exercise its discretion to deny Plaintiff's motion for leave to file a surreply. *See, e.g.*, *Walden*, 119 F.4th at 1056; *Cousins Smokehouse*, 588 F. Supp. 3d at 763; *Aldrich v. Univ. of Phx., Inc.*, No. 15-CV-578, 2016 WL 427923, at *2 (W.D. Ky. Feb. 3, 2016).

**B. Santander's Motion to Dismiss, [R. 20]**

The Court next addresses Santander's Motion to Dismiss with respect to Counts 20, 36, 37 of Plaintiff's complaint. [R. 20, pp. 5–8]; *see* [R. 1-2, pp. 17–18, 21–22]. Santander's motion is based, in relevant part, on Federal Rule of Civil Procedure 12(b)(6). *See* [R. 20, pp. 1, 5–8]. When ruling on a motion to dismiss under Rule 12(b)(6), the Court "must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, "[d]ismissal under Rule 12(b)(6) is

appropriate if the facts alleged fail to state a claim under which relief can be granted." *Nikolao v. Lyon*, 875 F.3d 310, 317 (6th Cir. 2017); *see also, e.g.*, *Littlejohn v. Washington*, No. 24-10178, 2026 WL 555537, at *6 (E.D. Mich. Feb. 27, 2026) ("If 'a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not,' it must be dismissed." (quoting *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009))).

Although Defendants TTOCL and Miron have not joined Santander's Motion to Dismiss or otherwise moved to dismiss the claims against them, the Court may sua sponte dismiss claims against "nonmoving parties who [are] in the same factual and procedural posture as the moving part[y]." *Melton v. Blankenship*, No. 08-5346, 2009 WL 87472, at *4 (6th Cir. Jan. 13, 2009); *accord, e.g.*, *Calvin v. CoreCivic, Inc.*, No. 23-CV-00447, 2026 WL 821894, at *13 n.19 (M.D. Tenn. Mar. 25, 2026) ("A district court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants." (quoting *Wright v. Richardson*, 740 F. Supp. 3d 601, 611 n.3 (E.D. Mich. 2024), *aff'd*, No. 24-1679, 2025 WL 2381708 (6th Cir. Apr. 14, 2025))). Thus, to the extent that Santander establishes that Counts 20, 36, and 37 fail as a matter of law, the Court will dismiss those counts against all Defendants. The Court addresses Counts 20, 36, and 37 in turn.

Santander argues that Count 20 should be dismissed because Plaintiff's claim of a TILA disclosure violation is barred by TILA's statute of limitations. [R. 30, p. 7]. Plaintiff does not address Santander's statute-of-limitations argument in his response, *see* [R. 26], but he argues in his proposed (and now excluded) surreply that "the statute of limitations was tolled until the fraud was discovered," [R. 32-1, p. 3 (citing *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1041 (6th Cir. 1984))]. The Court finds that even if it were to consider the tolling argument in Plaintiff's proposed surreply, Plaintiff's claim of a TILA disclosure violation is plainly time-barred.

"TILA actions seeking damages for a disclosure violation must be brought 'within one year from the date of the occurrence of the violation.'" *Forkey v. OneWest Bank, FSB*, No. 12-1569, 2014 WL 12971523, at *1 (6th Cir. Apr. 2, 2014) (quoting 15 U.S.C. § 1640(e)). "A disclosure violation occurs on the day the loan documents are signed." *Id.* Here, Plaintiff alleges that he signed the loan documents on May 3, 2023, [R. 1-2, p. 4], but he did not file his complaint until March 12, 2026, almost two years after the one-year limitations period had passed, *see id.* at 3, 13–29; [R. 1-3, p. 2]. And although the limitations period may be tolled when a plaintiff's untimely filing is caused by fraudulent concealment and the plaintiff exercises due diligence in discovering the fraud, the clock in a such case runs "from the date on which the borrower discovers or had reasonable opportunity to discover the fraud involving the complained of TILA violation." *Girgis v. Countrywide Home Loans, Inc.*, 733 F. Supp. 2d 835, 844 (N.D. Ohio 2010) (quoting *Jones*, 747 F.2d at 1043). Here, Plaintiff alleges that he discovered Defendants' fraudulent conduct as early as January 2024. [R. 1-2, p. 11]. Thus, even if Plaintiff has made sufficient allegations of his own due diligence, *but see id.* (stating that the fraud was "inherently unknowable at the time of the 2023 transaction" but failing to explain what made the fraud discoverable in January 2024); *Maule v. ORNL Fed. Credit Union*, No. 25-CV-497, 2026 WL 2111963, at *3 (E.D. Tenn. July 22, 2026) (dismissing a TILA claim as time-barred when the plaintiff "provide[d] no explanation as to why he could not have carefully reviewed the documents and applicable law within the one-year limitations period"), the limitations period would have expired in January 2025, well over a year before Plaintiff filed his complaint. Accordingly, Plaintiff's claim of a TILA disclosure violation fails as a matter of law, and the Court will dismiss Count 20 of Plaintiff's complaint as to all Defendants. *See, e.g.*, *Webb v. Guaranteed Rate Inc.*, No. 25-CV-652, 2025 WL 2721176, at *7 (S.D. Ohio Sep. 24, 2025) ("Dismissal of a TILA claim is warranted when it appears on the

face of the complaint to be time-barred.” (quoting *Smith v. Liberty Mortg. Co., Inc.*, No. 19-CV-3547, 2020 WL 2494459, at *4 (S.D. Ohio May 13, 2020))), *report and recommendation adopted*, No. 25-CV-652, 2026 WL 25087 (S.D. Ohio Jan. 5, 2026).

Next, Santander argues that there is no private right of action under the FTC Holder Rule and that Count 36 should therefore be dismissed. [R. 20, p. 5]. Plaintiff does not dispute that the Rule does not confer a right of action; instead, he argues that the Rule imposes derivative liability on Santander, the “holder” of consumer credit, for the misconduct of the TTOCL, the seller. *See* [R. 26, p. 2]. The Court agrees with Santander that the FTC Holder Rule does not provide for a private of right action, and it will therefore dismiss Count 36 to the extent that it seeks to assert an independent cause of action.

“The FTC Holder Rule was adopted pursuant to § 5 of the Federal Trade Commission Act (‘FTCA’), 15 U.S.C. § 45, which outlaws unfair and deceptive acts and practices in or affecting commerce.” *Morales v. Walker Motors Sales, Inc.*, 162 F. Supp. 2d 786, 790 (S.D. Ohio 2000) (citing 16 C.F.R. § 433.2). The Rule “requires that sellers of consumer credit contracts provide notice in those contracts that the debtor’s claims and defenses against the seller of the contract are made available against the holder of the contract.” *Gilbert v. Cap. One*, No. 25-CV-3557, 2025 WL 2785037, at *4 (E.D. Pa. Sep. 30, 2025) (citing 16 C.F.R. § 433.2). The Rule thus “allows a consumer to maintain existing state law claims, defenses, or causes of action against a creditor.” *Allah v. Navy Fed. Credit Union*, No. 25-CV-11404, 2026 WL 485777, at *6 (E.D. Mich. Jan. 28, 2026), *report and recommendation adopted*, No. 25-CV-11404, 2026 WL 597974 (E.D. Mich. Mar. 3, 2026). However, the Rule “by its plain text does not *create* any cause of action, it merely allows consumers to exercise *existing* causes of action against the holder of a consumer credit contract.” *Tennessee ex rel. Skrmetti v. Ideal Horizon Benefits, LLC*, No. 23-CV-046, 2024 WL

4351650, at *10 (E.D. Tenn. Sep. 30, 2024). Indeed, "[e]very court considering the question has rejected the proposition that a private right of action exists under the FTC Holder Rule." *Allah*, 2026 WL 485777, at *6 (quoting *Morales*, 162 F. Supp. 2d at 791); *accord Gilbert*, 2025 WL 2785037, at *4. Accordingly, the Court will dismiss Count 36 of Plaintiff's complaint, to the extent that it asserts an independent cause of action, as to all Defendants. *See, e.g.*, *Allah*, 2026 WL 485777, at *6; *Gilbert*, 2025 WL 2785037, at *4. The Court will further discuss Plaintiff's derivative-liability argument under the FTC Holder Rule below, *see infra* Section II.D.1.

Finally, Santander argues that Count 37 should be dismissed because TILA's right-of-rescission provision does not apply to automobile loans. [R. 20, p. 8]. Plaintiff does not address his argument in either his response or his proposed surreply. *See* [R. 26]; [R. 32-1]. The Court agrees with Santander that the provision does not apply to transaction alleged by Plaintiff in this case, and it will therefore dismiss Count 37 as to all Defendants.

TILA's right-of-rescission provision, 15 U.S.C. § 1635, entitles an obligor of certain consumer credit transactions to unilaterally rescind the transaction within three days of the consummation of the transaction and the delivery of the required disclosures, *id.* § 1635(a), and provides that the creditor must return any payments made pursuant to the transaction within twenty days, *id.* § 1635(b). However, § 1635 applies only to transactions "in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended." *Id.* § 1635(a). The transaction in this case was for an automobile, and Plaintiff makes no allegation that Defendants acquired a security interest in his principal dwelling. *See* [R. 1-2]. Accordingly, Plaintiff's claim under TILA's right-of-rescission provision plainly fails as a matter of law, and the Court will dismiss Count 37 as to all Defendants. *See, e.g.*, *Thomas v. USAA Fed. Sav. Bank*, No. 23-10003, 2023 WL 3294102, at *4 (E.D. Mich.

May 5, 2023) ("Plaintiff's property is an automobile, not a principal dwelling. For that reason, she does not have a right to rescind her transaction with Defendant."); *West v. Wells Fargo Auto*, No. 22-CV-4405, 2023 WL 199676, at *3 (E.D. Pa. Jan. 17, 2023) ("Courts routinely hold that the right to rescind under § 1635(a) does not apply to the purchase of motor vehicles.").

In sum, the Court will grant Santander's Motion to Dismiss, [R. 20], in part and dismiss Counts 20 and 37 and Count 36, to the extent that it asserts an independent cause of action, as to all Defendants. As explained below, the Court will deny the remainder of Santander's Motion to Dismiss as moot. *See infra* Section II.E.

### C. Order to Show Cause Regarding Plaintiff's Federal Odometer Act Claim, [R. 35]

The Court next addresses its order requiring Plaintiff to show cause why the federal Odometer Act claim in Count 10 of his complaint should not be dismissed as barred by the Act's statute of limitations. [R. 35]; *see* [R. 1-2, p. 15]. As noted in the Court's order, the Court may dismiss a claim sua sponte when "it gives notice of its intent to do so, the plaintiff[] [has] an opportunity to show why dismissal is not warranted, and the [Court] spells out its reasons for dismissing the [claim]." *Rondigo, L.L.C. v. Township of Richmond*, 522 F. App'x 283, 286 (6th Cir. 2013) (citing *Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008)). Here, the order explained why Plaintiff's Odometer Act claim appeared to be untimely, and the Court gave Plaintiff an opportunity to respond. *See* [R. 35]. Plaintiff has failed to respond to the Court's order, and the Court will now dismiss Plaintiff's claim as time-barred.

The federal Odometer Act "imposes certain requirements on persons transferring motor vehicles[,] such as providing a written disclosure of the cumulative mileage registered by the odometer." *Johnson v. Santander Consumer USA*, No. 17-CV-2937, 2018 WL 3061920, at *3 (W.D. Tenn. Apr. 6, 2018) (citing 49 U.S.C. § 32705(a)(1)), *report and recommendation adopted*,

No. 17-CV-2937, 2018 WL 2158778 (W.D. Tenn. May 10, 2018). "A person may bring a civil action to enforce a claim under the Odometer Act no later than two years after the claim accrues." *Id.* (citing 49 U.S.C. § 32710(b)). Although that limitations period may be tolled when a claim is based on fraudulent misconduct, the clock "begins to run when a plaintiff actually discovers, or a reasonably diligent plaintiff would have discovered, the facts constituting the violation." *Henley v. Neessen Chevrolet, Inc.*, 803 F. Supp. 3d 753, 765 (D. Minn. 2024) (quoting *Zarecor v. Morgan Keegan & Co.*, 801 F.3d 882, 887 (8th Cir. 2015)); *accord Harris v. Basco*, No. 24-CV-5845, 2025 WL 360862, at *4 (E.D. Pa. Jan. 31, 2025).

Here, Plaintiff alleges that he was aware of Defendants' fraudulent misconduct as early as January 2024.[4] [R. 1-2, p. 11]. However, he did not file his complaint until March 2026. *Id.* at 3; [R. 1-3, p. 2]. Thus, Plaintiff's claim under the federal Odometer Act is barred by the Act's two-year statute of limitations, and the Court will dismiss that claim as to all Defendants. *See, e.g.*, *Harris*, 2025 WL 360862, at *4–5; *Johnson*, 2018 WL 3061920, at *3; *Scherber v. Online Auctions, LLC*, No. 13-CV-530, 2014 WL 3908114, at *2–3 (N.D. Ohio July 3, 2014).

**D. Supplemental Jurisdiction over the Remaining Claims in Plaintiff's Complaint**

**1. The court does not have original jurisdiction over any of Plaintiff's state-law claims.**

For the reasons explained above, the Court will dismiss Plaintiff's claims under the federal Odometer Act and TILA—the only claims in which Plaintiff asserts violations of federal law—as to all Defendants. *See supra* Sections I, II.B–C; [R. 1-2, pp. 13–26]; *see also* [R. 1, p. 4 (arguing that removal is proper because the Court has original jurisdiction over Plaintiff's Odometer Act and TILA claims)]; [R. 6, p. 1 (arguing that remand is proper because "42 of th[e] counts [in

---

[4] Indeed, Plaintiff's allegations indicate that the mileage discrepancies were either known or reasonably knowable to Plaintiff when he signed the bill of sale and credit application and purchased the vehicle on May 3, 2023. *See* [R. 1-2, pp. 9, 15, 38, 40].

Plaintiff's complaint] arise solely under Kentucky Law")].[5] Accordingly, the Court will next consider whether it has original jurisdiction over any of Plaintiff's remaining state-law claims. *Cf.* 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction over state-law claims when the court "has dismissed all claims over which it has original jurisdiction"). In particular, the Court will consider whether Plaintiff's reference to the FTC Holder Rule in Count 36—his only reference to federal law beyond Counts 10, 20, and 37, *see* [R. 1-2, pp. 13–26]—vests the Court with original jurisdiction over Plaintiff's state-law claims. The Court will conclude that it does not.

"Federal courts have two kinds of original jurisdiction: federal question and diversity jurisdiction." *Clarke v. Pollan*, No. 24-3548, 2024 WL 4903806, at *1 (6th Cir. Nov. 27, 2024). The parties in this case are not diverse in citizenship, *see* [R. 1-2, p. 3]; [R. 1, pp. 1, 4], so whether the Court has original jurisdiction over Plaintiff's state-law claims turns on whether his reference to the FTC Holder Rule gives rise to federal-question jurisdiction.

"Federal-question jurisdiction exists when [a] cause of action arises under federal law." *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020); *see* 28 U.S.C. § 1331. A cause of action arises under federal law when it is "(1) created by a federal statute or (2) presents a substantial question of federal law." *Miller*, 949 F.3d at 991. Here, each of Plaintiff's non-dismissed claims asserts a cause of action created by Kentucky statute or common law, *see* [R. 1-2, pp. 13–26], so the only question with respect to federal-question jurisdiction is whether Plaintiff's claim that the

[5] TTOCL, in its Notice of Removal, [R. 1], and Plaintiff, in his Motion to Remand, [R. 6], each indicate that only two of the forty-two counts in Plaintiff's complaint seek relief for violations of federal law, *see* [R. 1, p. 4]; [R. 6, p. 1]. It appears to the Court, however, that there are three such counts in the complaint: Count 10 (Odometer Act), Count 20 (TILA disclosure violation), and Count 37 (TILA right of rescission). *See* [R. 1-2, pp. 15, 17–18, 22]. In any event, the Court will, as explained above, dismiss the federal claims raised in each of those counts.

FTC Holder Rule imposes derivative liability on Santander for the actions of TTOCL presents a "substantial question of federal law." *See Miller*, 949 F.3d at 991.

To present a substantial federal question for the purposes of federal-question jurisdiction, a state-law claim must "(1) 'necessarily raise a stated federal issue' that is (2) 'disputed and substantial' and (3) hearable by the federal courts without disturbing the established federal-state court balance." *Id.* at 992 (quoting *Est. of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1014 (6th Cir. 2018)). For at least two reasons, Plaintiff's invocation of the FTC Holder Rule as a basis for derivative liability does not satisfy those requirements.

First, as explained above, the FTC Holder Rule requires consumer credit contracts to state that "the debtor's claims and defenses against the seller of the contract are made available against the holder of the contract." *Gilbert*, 2025 WL 2785037, at *4 (citing 16 C.F.R. § 433.2). Here, Plaintiff alleges that the sales contract contained the language required by the Rule. [R. 1-2, p. 21]; *see also* [R. 20-1, p. 4 (portion of sales contract containing the relevant language)]. Thus, to the extent that Plaintiff claims that the contractual language required by the Rule imposes derivative liability on Santander for the actions of TTOCL, he could assert that claim on the basis of state contract law. *See, e.g.*, *Medina v. Performance Auto. Grp., Inc.*, 841 F. Supp. 2d 1121, 1124, 1126 (E.D. Cal. 2012) (explaining that a plaintiff pursuing a derivative-liability claim against a holder under the Holder Rule "could pursue a claim against [the holder] based on the express provisions of his contract, . . . relying upon state common law principles regarding the interpretation of contractual provisions"). Accordingly, Plaintiff's derivative-liability claim does not "necessarily" require the resolution of a federal issue and does not give rise to federal-question jurisdiction. *See Miller*, 949 F.3d at 992; *Medina*, 841 F. Supp. 2d at 1126 (concluding that a claim of derivative liability under the FTC Holder Rule did not confer federal-question jurisdiction).

Second, even if Plaintiff's claim of derivative liability required the Court to interpret or apply the FTC Holder Rule, rather than the terms of the sales contract, the Supreme Court has made clear that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). In *Merrell Dow*, for instance, the Court explained that "the violation of [a] federal standard as an element of [a] state tort recovery [does] not fundamentally change the state tort nature of the action" and concluded that "the presence of a claimed violation of [a federal] statute as an element of a state cause of action [was] insufficiently 'substantial' to confer federal-question jurisdiction." *Id.* at 814 & n.12. A similar principle applies here: The state-law claims upon which Plaintiff seeks to hold Santander derivatively liable are, in both form and substance, claims that arise under state law, not federal law. *See, e.g.*, *Mathis v. Gibson*, No. 08-CV-1778, 2008 WL 2330537, at *2 (D.S.C. June 3, 2008) ("Plaintiffs in this case merely attempt to assert 'claims' within the meaning of the notice against the holder of what they allege is a consumer credit contract. Those 'claims' all arise under South Carolina law." (alteration omitted) (quoting *Glovier v. Barton Homes, LLC*, 452 F. Supp. 2d 657, 659 (W.D. La. 2006))); *Glovier*, 452 F. Supp. 2d at 660 (explaining that "Plaintiffs' allegation . . . that the FTC Holder Rule serves as a conduit by which they may assert state law claims does not convert their causes of action to ones that arise under federal law"). Thus, to the extent that Plaintiff's claim of derivative liability implicates a federal issue at all, that issue is "insufficiently 'substantial' to confer federal-question jurisdiction." *See Merrell Dow*, 478 U.S. at 814.

For those reasons, the Court concludes that Plaintiff's invocation of the FTC Holder Rule as a basis for derivative liability does not confer federal-question jurisdiction. *See, e.g.*, *Frischkorn v. Lake Cnty. Chrysler, Inc.*, No. 06-CV-0713, 2006 WL 2970236, at *2 (N.D. Ohio Oct. 13, 2006)

("[F]ederal jurisdiction does not exist merely because Plaintiffs' derivative-liability claims depend on the notice required by the FTC Anti-Holder Rule."); *Mathis*, 2008 WL 2330537, at *2–3; *Glovier*, 452 F. Supp. 2d at 659–60.

**2. The court will decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.**

Because the Court will dismiss each of Plaintiff's claims that asserts a violation of federal law—namely, Plaintiff's claims under the federal Odometer Act and TILA—and because Plaintiff's reference to the FTC Holder Rule does not give rise to federal-question jurisdiction, the Court will lack original jurisdiction over each of Plaintiff's non-dismissed claims. As such, the Court may decline to exercise supplemental jurisdiction over those claims so long as its doing so would promote "judicial economy, convenience, fairness, and comity." *Williams v. Addison Cmty. Schs.*, 168 F.4th 791, 794–95 (6th Cir. 2026); *see* 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction over state-law claims when the court "has dismissed all claims over which it has original jurisdiction").

Although the Court is "not required to dismiss [a plaintiff's] state law claims after dismissing all [of his] federal claims," *Williams*, 168 F.4th at 796, the Sixth Circuit has emphasized that "when all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims," *id.* (alteration omitted) (quoting *Stanley v. W. Mich. Univ.*, 105 F.4th 856, 867 (6th Cir. 2024)). The Court finds that this is not one of the "unusual" cases in which it will be appropriate to exercise supplemental jurisdiction after all of the federal claims have been dismissed. *See id.* Accordingly, the Court will exercise its discretion under 28 U.S.C. § 1367(c)(3) to decline supplemental jurisdiction and remand the matter to the Jefferson Circuit Court for the resolution of Plaintiff's remaining state-law claims. *See, e.g.*, *Rawlings v. Marcum*, No. 22-CV-001, 2025 WL 1594289, at *7 (W.D. Ky. June 5, 2025) ("Without any

remaining federal claims, it appears that the state law claims are most appropriately referred back to state court for disposition."); *Burke v. Quality Corr. Healthcare*, No. 22-CV-134, 2023 WL 1796955, at *4 (E.D. Ky. Feb. 7, 2023) ("[B]ecause [the plaintiff's] federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over his remaining state law claims and will remand these claims to the Kenton Circuit Court.").

### E. The Balance of the Pending Motions, [R. 6], [R. 19], [R. 20], and [R. 21]

The Court, having determined that it will dismiss each of the claims over which it has original jurisdiction and remand the matter to the Jefferson Circuit Court for adjudication of the remaining claims, will resolve the balance of the pending motions as follows.

First, the Court will deny as moot and without prejudice Plaintiff's Motion to Remand, [R. 6], Plaintiff's Motion to Compel Discovery, [R. 19], Santander's Motion to Dismiss, [R. 20], except to the extent that it will be granted by the Court's dismissal of Plaintiff's claims under the federal Odometer Act and TILA, *see supra* Section II.B–C, and Santander's Motion to Stay to Discovery, [R. 21]. The parties may, as appropriate, reraise those motions in the Jefferson Circuit Court. *See, e.g.*, *Rawlings*, 2025 WL 1594289, at *7; *Burke*, 2023 WL 1796955, at *4. Second, the Court, finding that Defendants did not "fail to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f),"[6] *see* Fed. R. Civ. P. 37(f), will deny Plaintiff's Demand for Discovery Sanctions with prejudice, [R. 19].

## III. CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

[6] Specifically, the Court finds, among other things, that Defendants' communications to Plaintiff—including their representations that they would participate in an initial discovery conference upon the entry of a scheduling order by the Court, *see* [R. 21–4, pp. 1, 3]—constituted a good-faith effort to comply with Rule 26(f).

1. Defendant Santander Consumer USA Inc., *d/b/a* Chrysler Capital's Motion to Dismiss, **[R. 20]**, is **GRANTED IN PART**, as follows:
    a. Plaintiff Glenntorenell Odom's claims under the Truth in Lending Act (Counts 20 and 37) and Plaintiff's claim under the FTC Holder Rule (Count 36), to the extent that it asserts an independent cause of action, **[R. 1-2, pp. 17–18, 21–22]**, are **DISMISSED WITH PREJUDICE** as to **all Defendants**.
    b. Santander's Motion to Dismiss, **[R. 20]**, is otherwise **DENIED WITHOUT PREJUDICE**.
2. Pursuant to the Court's Order to Show Cause, **[R. 35]**, Plaintiff's claim under the federal Odometer Act (Count 10), **[R. 1-2, p. 15]**, is **DISMISSED WITH PREJUDICE** as to **all Defendants**.
3. Plaintiff's Demand for Discovery Sanctions, **[R. 19]**, and Plaintiff's Motion for Leave to File a Surreply to Santander's Motion to Dismiss, **[R. 32]**, are **DENIED WITH PREJUDICE**.
4. Plaintiff's Motion to Remand, **[R. 6]**, Plaintiff's Motion to Compel Discovery, **[R. 19]**, and Santander's Motion to Stay to Discovery, **[R. 21]**, are **DENIED WITHOUT PREJUDICE**.
5. This matter is **REMANDED** to the Jefferson Circuit Court and **STRICKEN** from this Court's active docket.

This the 19th day of October, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY